David H. LEMPERT, a District of Columbia Citizen Residing Overseas, Appellant,

v.

REPUBLIC OF KAZAKHSTAN, Ministry of Justice, Appellee.

No. 02–7132.

United States Court of Appeals, District of Columbia Circuit.

May 1, 2003.

BEFORE: HENDERSON, RANDOLPH, and ROGERS, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed September 30, 2002, be affirmed. Appellant failed to present to the district court his arguments that the dismissal of this action violates due process, equal protection, and Articles III and VI of the Constitution; that Kazakhstan waived its immunity; and that the Ministry of Justice's fax, e-mail and telephone communications with him constitute a commercial activity under the first clause of 28 U.S.C. § 1605(a)(2). Accordingly, this court will not consider them. *See District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1084 (D.C.Cir.1984); *see also World Wide Minerals, Ltd. v. Kazakhstan*, 296 F.3d 1154, 1161 n. 10 (D.C.Cir.2002). Moreover, appellant's argument that the consulting agreement is an inseparable part of the commercial activity of seeking World Bank loans does not establish that this action falls within the first clause of § 1605(a)(2). Appellant has not shown that Kazakhstan's attempts to obtain loans are inextricably intertwined with the consulting agreement, which simply required appellant to prepare a report recommending reform initiatives based on the proposals of the Ministry of Justice and a local consultant. In addition, this action is based on the formation and alleged breach of the consulting agreement, not Kazakhstan's loan-seeking activity. *See Saudi Arabia v. Nelson*, 507 U.S. 349, 357, 113 S.Ct. 1471, 123 L.Ed.2d 47 (1993) (an action is not "based upon" commercial activity conducted in the United States unless the conduct meets the elements of a "claim that, if proven, would entitle a

plaintiff to relief under his theory of the case"); *In re Papandreou*, 139 F.3d 247, 252 (D.C.Cir.1998) (elements of breach of contract claim are "formation of the contract and its breach"). And appellant's alleged performance of some of his obligations in the United States under the consulting agreement does not constitute commercial activity "carried on in the United States by" Kazakhstan. 28 U.S.C. § 1605(a)(2). Nor did the district court err in concluding appellant failed to show that Kazakhstan's refusal to pay him constitutes an act carried on in the United States by Kazakhstan. Appellant concedes that the repudiation of the consulting agreement occurred outside the United States, and the mere transmittal to appellant of the notice of termination is not an element of the cause of action asserted here. Under the consulting agreement, providing notice of termination is a prerequisite to termination, and thus does not constitute the act of termination itself.

As to the third clause of § 1605(a)(2), the district court properly concluded that Kazakhstan's alleged attempts to induce appellant to engage in illegal activity did not have a direct effect in the United States because the attempts were not the "immediate consequence" of Kazakhstan's refusal to pay appellant. *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 618, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992). Finally, because neither the consulting agreement nor customary practice required that payment be made in the United States, the district court correctly held that appellant's financial loss resulting from Kazakhstan's alleged breach of the agreement did not constitute a direct effect under § 1605(a)(2). *See Zedan v. Kingdom of Saudi Arabia*, 849 F.2d 1511, 1515 & n. 2 (D.C.Cir.1988).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.